UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY TUCK,<br><br>                    Plaintiff,<br><br>v.<br><br>JONATHON GRAVES; SAMUEL ROBISON; COUNTY OF SAN DIEGO; and DOES 1 through 20,<br><br>                    Defendants. | Case No.:  21cv2086-JO-JLB<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT AND SUMMONS** |

Plaintiff Roy Tuck ("Plaintiff"), a non-prisoner proceeding *pro se*, filed a civil rights complaint against Defendants Jonathon Graves, Samuel Robison, the County of San Diego, and Does 1 through 20 (collectively, "Defendants"). Dkt. 1 ("Complaint" or "Compl."). Plaintiff filed a concurrent motion for leave to proceed *in forma pauperis* ("IFP"). Dkt. 2. For the reasons set forth below, the IFP motion is GRANTED.

**I.    Motion to Proceed IFP**

Plaintiff has not prepaid the civil filing fee and instead requested to proceed IFP, claiming an inability to pay. A plaintiff instituting any civil action, suit, or proceeding in

a federal district court, except an application for writ of habeas corpus, must pay a filing fee of $402. 28 U.S.C. § 1914(a). However, a district court may waive the filing fee by granting the plaintiff leave to proceed IFP. 28 U.S.C. § 1915(a)(1). To proceed IFP, a plaintiff must submit an affidavit that includes a statement of all assets and demonstrates an inability to pay the filing fee. 28 U.S.C. § 1915(a); *see also* Local Civ. R. 3.2. An affidavit is "sufficient where it alleges that the [plaintiff] cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation omitted). "The granting or refusing of permission to proceed [IFP] is a matter committed to the sound discretion of the district court." *Skelly v. U.S. Dep't of Educ.*, 2019 WL 6840398, at *2 (S.D. Cal. Dec. 16, 2019) (quoting *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965)).

In support of his IFP motion, Plaintiff has filed an affidavit under the penalty of perjury explaining his financial circumstances. Dkt. 2. He indicates that he is not employed and relies on retirement and disability income. *Id.* at 2. Plaintiff's sole listed asset is a 2001 Chevy Silverado, which he states is valued at $1,000. *Id.* at 3. Plaintiff's affidavit has "sufficiently show[n] that he lacks the financial resources to pay filing fees." *Dillard v. So*, 2013 WL 4857692, at *1 (S.D. Cal. Sept. 11, 2013). Accordingly, the Court GRANTS Plaintiff's motion to proceed IFP pursuant to 28 U.S.C. § 1915(a).

## II.   *Sua Sponte* Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)

### a. Standard of Review

Because Plaintiff is granted leave to proceed IFP, his Complaint must undergo a *sua sponte* screening for dismissal. Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that "the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)."). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. *Pro se* complaints are construed "liberally" and may be dismissed for failure to state a claim only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Wilhelm v. Rotman*, 680 F.3d at 1113, 1121 (9th Cir. 2012).

### b. Factual Background

Plaintiff's Complaint arises from his arrest by Defendants Jonathon Graves and Samuel Robison (collectively, "Defendant Officers"), who are employed by Defendant County of San Diego ("County of San Diego"). On November 11, 2021, Plaintiff's wife told Plaintiff to "get out" of the home that they shared. Compl. ¶ 36. She called the police. *Id.* Plaintiff ran out of their home and went to the "secured, private, locked pool area" in their living community. *Id.* ¶ 39. Multiple police officers including Defendant Officers arrived to the pool area. *Id.* ¶ 44. A police officer "demanded that Plaintiff[] come over and open the private property pool gate lock for him and the other officers to enter and talk to him." *Id.* ¶ 45. Plaintiff "was [then] told he was being placed under arrest" for felony domestic violence. *Id.* ¶ 53. Plaintiff "remained apologetic, scared, polite, and totally compliant" with Defendant Officers during the arrest. *Id.* ¶ 57. Plaintiff informed Defendant Officers that he cannot be handcuffed behind his back due to "several serious ongoing degenerative effects" and medical issues. *Id.* ¶¶ 54–59. He informed Defendant

Officers that "standard police issued handcuffs would not fit on his wrists…and would cause extreme bodily injuries." *Id.* ¶ 61. Plaintiff "begged and pleaded with both Defendant Officers for special treatment due to his ongoing medical issues," but Defendant Officers "over-cinch[ed] both undersized handcuffs" onto Plaintiff's wrists and transported him to North San Diego County Jail. *Id.* ¶¶ 60, 72, 78.

As a result of the arrest, Plaintiff suffered "a bloody [] right wrist wound" from the handcuffs. Compl. ¶ 89. He alleges that the "on-duty jail house medical nurse did not answer any of Plaintiff's numerous urgently painful pleas for her to assist him with immediate medical attention at Tri City Hospital." *Id.* ¶¶ 101–104. Plaintiff alleges that County of San Diego was "ultimately responsible due to the existing customs and policies of its officers." *Id.* ¶ 178.

### c. Discussion

Plaintiff appears to bring four claims pursuant to 42 U.S.C. § 1983, characterized as follows: (1) trespass and unreasonable seizure against all Defendants; (2) violation of equal protection and due process against all Defendants; (3) municipal liability for unconstitutional customs and practices against County of San Diego; and (4) loss of social standing against all Defendants. Additionally, Plaintiff appears to bring a state law claim for intentional infliction of emotional distress against all Defendants.

In support of his claim for loss of social standing, Plaintiff alleges that "he became an outcast within his own public circle," "has been shunned by his own friends," and "was not included in any further gatherings with friends, family, and social groups that he was previously included in." Compl. ¶¶ 209–213. Even liberally construing this claim, the Court finds that Plaintiff fails to state a legally cognizable claim for relief. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("Dismissal is proper when the complaint does not make out a cognizable legal theory"). Accordingly, this claim is DISMISSED. Regarding the remaining claims, the Court finds Plaintiff's Complaint is sufficient to survive the "low threshold" set for *sua sponte* screening as required by 28 U.S.C. § 1915(e)(2). *Wilhelm*, 680 F.3d at 1123. Accordingly, Plaintiff may proceed on

his claims against all Defendants for trespass and unreasonable seizure, violation of equal protection and due process, and intentional infliction of emotional distress, and his claim against County of San Diego for municipal liability for unconstitutional customs and practices.

### III.   CONCLUSION

For the reasons discussed above, the Court hereby:

1) GRANTS Plaintiff's motion to proceed IFP pursuant to 28 U.S.C. § 1915(a). Dkt. 2.

2) DISMISSES Plaintiff's claim for loss of social standing against all Defendants.

3) DIRECTS the Clerk to issue a summons as to Plaintiff's Complaint (Dkt. 1) upon Defendants and forward it to Plaintiff along with a blank U.S. Marshal Form 285 ("Form 285"). The Clerk will also provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint, and the summons (together, the "IFP Package") so that he may serve Defendants. Upon receipt of the IFP Package, Plaintiff must complete the Form 285 as completely and accurately as possible, include an address where Defendants may be found and/or subject to service pursuant to S.D. Cal. Civ. LR 4.1c., and return it to the U.S. Marshal according to the instructions the Clerk provides.

//
//
//
//
//
//

4) ORDERS the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants upon receipt and as directed by Plaintiff Roy Tuck on the completed Form 285, and to promptly file proof of service, or proof of all attempts at service unable to be executed, with the Clerk of Court. *See* S.D. Cal. Civ. LR 5.2. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

**IT IS SO ORDERED**.

Dated: June 22, 2022

_____
Honorable Jinsook Ohta
United States District Judge

6

21cv2086-JO-JLB